IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DALE IHNKEN | : | |
| | : | |
| v. | : | Civil No. CCB-11-3508 |
| | : | |
| CHARLES JENKINS, et al. | : | |
| | : | |

**MEMORANDUM ORDER**

Dale Ihnken organized a festival in Frederick County, Maryland, that was to be held Thursday, June 18, 2009, through June 21, 2009. On the afternoon of Friday, June 19, however, county officials revoked the temporary land use permit that ostensibly authorized that festival and ordered the immediate cancellation of all festival programming. Ihnken subsequently brought this lawsuit, suing the county and many of its officials under a host of legal theories. The court previously granted summary judgment in favor of the county and its officials on most of those claims. (*See* Order, ECF No. 23; Order, ECF No. 46.) The court refused, however, to grant summary judgment for either party on Ihnken's claims that Frederick County Sheriff Charles Jenkins and Frederick County Zoning Administrator Larry Smith revoked the permit without due process of law, in violation of the Fourteenth Amendment of the United States Constitution and Article 24 of the Maryland Constitution. Jenkins and Smith now move the court to reconsider its refusal to grant them summary judgment on the basis of qualified immunity.[1]

---

[1] Jenkins and Smith have also moved to supplement that motion by admitting a factual error included in their initial filing and reaffirming their underlying arguments. (ECF No. 49.) That motion, which was filed before Ihnken's submission of his opposition to the initial motion for reconsideration, is unopposed. Accordingly, it will be granted.

1

A motion to reconsider an interlocutory order arises under Federal Rule of Civil Procedure 54(b). Although the Fourth Circuit has not identified precisely the standard for resolving such a motion, courts often apply the standards applicable to motions under Rules 59(e) or 60(b). *Nana-Akua Takyiwaa Shalom v. Payless Shoesource Worldwide, Inc.*, 921 F. Supp. 2d 470, 480 (D. Md. 2013).

> Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Id.* at 480–81 (quoting *Akeva, LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005)). Because Jenkins and Smith point to no change in the law or new evidence, their motion rises and falls on the third of those categories.

"[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As noted in this court's previous memorandum, "[a] license issued by the state which can be suspended or revoked only upon a showing of cause creates a property interest protected by the Fourteenth Amendment," which, "at a minimum, requires that a person be given some notice of impending action and afforded a hearing." *Richardson v. Town of Eastover*, 922 F.2d 1152, 1156, 1159 (4th Cir. 1991). A reasonable officer should have been aware of those clearly established procedural requirements. Because the record contained material factual disputes as to whether Jenkins and Smith provided Ihnken with notice or any meaningful opportunity to be heard, the court declined to grant them

summary judgment on the basis of qualified immunity.  (*See* Mem. 19 n.9.)  Nothing in their motion for reconsideration alters that conclusion, much less suggests clear error or manifest injustice.

Jenkins and Smith first object that the court failed to consider whether they could have reasonably "interpret[ed] the Frederick County Zoning Code as conferring no valid property right at all to [Ihnken]" on the ground that the temporary use permit was obtained fraudulently.  (Mot. Reconsideration 2, ECF No. 48.)  Relying on *Marzullo v. Kahl*, they assert that such a permit "would be void" at the outset and thus beyond the protection of the due process clause.  783 A.2d 169, 192 (Md. 2001) (quoting *Lipsitz v. Parr*, 164 A. 743, 746 (Md. 1933)).  The court has already rejected that argument, reasoning that *Marzullo*'s holding was premised on the substantive scope of the permit it reviewed—the selfsame evaluation Ihnken was due on notice and via some sort of hearing before his permit was revoked.  (*See* Mem. 11.)  Put differently, Jenkins' and Smith's argument begs the question, assuming Ihnken's fraud voided his property interest when that is precisely the sort of inquiry that due process demanded *before* Ihnken was deprived of his property.  No official could reasonably rely on such circular reasoning, just as no such officer could reasonably rely on an "easily distinguishable" case, such as *Marzullo*.  See *Huff v. Reichert*, 744 F.3d 999, 1005 (7th Cir. 2014) (denying, on an interlocutory appeal, qualified immunity for an official who relied on three "easily distinguishable" cases that ostensibly authorized his conduct).[2]

---

[2] In their reply, Jenkins and Smith also take issue with the court's citation, in its previous memorandum, of *Romanello v. Maguire*, 404 A.2d 833 (R.I. 1979), in rejecting their separate argument that Ihnken had no valid property interest in the permit because it was issued to Erin Aylor.  They never raised that argument, however, in their initial memorandum in support of reconsideration.  Although they claim Ihnken's opposition relies on that case, his filing neither cites it nor rehearses the argument it supports.  Jenkins' and Smith's argument will thus be rejected on the ground "'that an argument raised for the first time in a reply brief or memorandum will not be considered' . . . to avoid prejudice to the party who is not afforded a chance to rebut a new argument." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013) (quoting *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F.

Jenkins and Smith next argue they could have reasonably believed Ihnken's conversation with Winebrenner constituted sufficient notice and opportunity to be heard. (*See* Mot. Reconsider 3.) That argument, too, has already been raised and rejected, on the ground that Winebrenner's statements and position—his equivocation, lack of authority, ignorance as to substance of the underlying permit, and statement that the permit would merely be "addressed" in the morning—provided no support for Jenkins' and Smith's conclusion. (*See* Mem. 16–17.) Jenkins and Smith now argue that they could have reasonably believed, on the basis of an email Winebrenner sent to the commanding officer the following morning, that Winebrenner put Ihnken on notice of the possibility of revocation. They emphasize that Winebrenner indicated he had advised Ihnken "that I may have to revoke the permission given by the county." (Mot. Summ. J. Ex. CC, Email from Tom Winebrenner to Troy Barrick, June 19, 2009, CJ0012, ECF No. 36-36.) That quotation, and the specific argument it supports, never appeared in Jenkins' and Smith's memoranda in support of summary judgment and thus cannot be the basis for reconsideration now. *See Tepeyac v. Montgomery Cnty.*, 5 F. Supp. 3d 745, 770 (D. Md. 2014) ("A Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised [previously]." (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Even if they had focused on their perceptions, as shaped by Winebrenner's reports, in their original filings, it would have made no difference: As Winebrenner admitted in those reports, he was not familiar with the scope of the permit, and thus no officer could reasonably believe him capable of providing a meaningful hearing on the alleged violation of it. (Email from Winebrenner to Barrick CJ 0013 ("We need to get a look at

---

Supp. 2d 731, 734–35 (D. Md. 2006)) (finding that "ordinary rule" inapplicable, however, to the circumstances presented).

the permit application and see what it specifically says. I cannot see how the permits office would approve music past midnight??"); Mot. Summ. J. Ex. Y, Incident/Investigation Report 4 ("I advised him . . . I was not going to try and find someone from county permits to find his paperwork at the late hour."))

Last, Jenkins and Smith assert they could have reasonably believed that their conversation with Ihnken's brother, Keith, constituted adequate notice and a hearing. That argument was never raised in their previous filings, and they offer no evidence supporting it now. To the contrary, the record indicates Keith told county officials he knew nothing of the underlying permit or purported violations of its conditions and the county's noise regulations. As he reported in his deposition, he responded to Jenkins' and Smith's assertions by stating, "I don't really know one way or the other, my brother is not here, neither is Aaron." (Mot. Summ. J. Ex. FF, Keith Ihnken Dep. 34:14–15, ECF No. 36-39.) No official could reasonably believe such an exchange constituted a hearing.

For the reasons described above, Jenkins' and Smith's motion to reconsider, (ECF No. 48), is **DENIED**. Their motion to supplement that initial filing, (ECF No. 49), is **GRANTED**. The Clerk shall send copies of this Memorandum Order to counsel of record.

February 12, 2015                                              /S/
Date                                                           Catherine C. Blake
                                                               United States District Judge